UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN J. TURNER,

      Plaintiff,

v.                                        Case No:  6:12-cv-937-Orl-GJK

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## MEMORANDUM OF DECISION

Susan J. Turner (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for benefits. Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) failing to consider all the relevant medical evidence in determining her residual functional capacity ("RFC"); 2) posing a hypothetical question to the Vocational Expert ("VE") that did not adequately define her limitations; and 3) finding her testimony concerning her pain and limitations not credible.  Doc. No. 16 at 10-20.  For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

### I.  STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838

(11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.   ANALYSIS.

### A.  RFC.

Claimant argues that the ALJ failed to consider all the relevant medical evidence in determining her RFC. Doc. No. 16 at 10-15. Specifically, Claimant identifies seven errors pertaining to the ALJ's RFC determination. Doc. No. 16 at 10-15. First, Claimant argues that the ALJ failed to assign weight to Dr. Dano Leli's opinions concerning her ability to perform job related tasks. Doc. No. 16 at 13-14. Second, Claimant argues that the ALJ failed to consider all of Dr. Eric Wiener's opinions concerning her ability to perform job related tasks. Doc. No. 16 at 12-13. Third, Claimant argues that the ALJ failed to articulate her reasoning for giving no weight to part of the non-examining consultative physicians' mental RFC assessments. Doc. No.

16 at 10-12. Fourth, Claimant argues that the ALJ failed to discuss Dr. Segundo Imbert's psychiatric evaluation. Doc. No. 16 at 14-15. Fifth, Claimant argues that the ALJ failed to discuss Claimant's treatment records from the VA. Doc. No. 16 at 15. Sixth, Claimant argues that the ALJ failed to weigh an examination report completed by Dr. Bakkiam Subbiah. Doc. No. 16 at 15. Finally, Claimant argues that the ALJ failed to mention Claimant's fibromyalgia. Doc. No. 16 at 15. Based on the foregoing, Claimant argues that the ALJ's RFC determination is not supported by substantial evidence. Doc. No. 16 at 15.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the ALJ's sequential evaluation process for determining disability. The Eleventh Circuit has clarified the standard the Commissioner is required to utilize when considering medical opinion evidence. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician.[1]  *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).  While "'the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion'" and the ALJ articulates his or her reasoning for rejecting the opinion(s).  *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (quoting *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. Unit B 1981)).[2]

In 2008, Claimant's primary care physician referred her to Dr. Leli, a licensed psychologist and clinical neuropsychologist, to perform a neuropsychological assessment (the "Assessment").  R. 360.  The Assessment occurred over a period of four days.  R. 360.  Upon its conclusion, Dr. Leli issued a comprehensive report detailing his findings, impressions, and recommendations.  R. 360-75.  With respect to Dr. Leli's impressions, the report stated the following:

> Mrs. Turner is likely to have difficulties in performing job related tasks due to the following reasons.  In particular, she is likely to have difficulties with sustaining her attention both in the auditory and visual domains on various types of simple and complex tasks.  Furthermore, she is likely to have difficulties with learning and retaining visually mediated information.  She is also likely to have difficulties with performing multiple tasks simultaneously on a speeded basis.  Furthermore, she is likely to have difficulties with any type of task involving complex visual organization and planning abilities.

R. 374.  Claimant maintains that the ALJ did not weigh this opinion evidence.  Doc. No. 16 at 13-14.

---

[1] Opinions of a specialist are generally given more weight about medical issues related to his or her area of specialty than to opinions of a source who is not a specialist.  20 C.F.R. § 404.1527(c)(5).

[2] In *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982), the Eleventh Circuit adopted as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.  *Id.* at 34.

At step four, the ALJ determined that Claimant has a RFC to "perform sedentary work … with postural, manipulative, and mental limitations." R. 20. The ALJ elaborated on her RFC determination, stating the following:

> Specifically, the claimant has the residual functional capacity to occasionally lift and carry up to 10 pounds and to frequently lift and carry light articles weighing less than 10 pounds. The claimant has the capacity to stand and/or walk up to 2 hours in an 8-hour workday and has the capacity to sit up to 6 hours in an 8-hour workday. The claimant has the capacity to frequently push and pull up to the capacity of lifting and carrying. The claimant has the capacity to frequently balance and occasionally stoop, kneel, crouch, crawl, and climb stairs and ramps. The claimant has the capacity to frequently reach, handle, and finger and has no limitations in the ability to feel. Mentally the claimant has the capacity to understand, remember, and carry out simple, routine tasks. The claimant has the capacity to appropriately interact with supervisors, coworkers, and the general-public. The claimant has the capacity to identify and avoid normal work place hazards and to adapt to routine changes in the work place.

R. 20. In reaching this RFC, the ALJ considered, among other things, Dr. Leli's Assessment, stating the following:

> The claimant underwent [a] neuropsychological evaluation over several days with Dano Leli, Ph.D. The claimant was seen on May 11, 29th and 30th as well as June 23, 2008. (Ex. 8F). After days of numerous tests, Dr. Leli opined that the claimant had a significant tendency to unconsciously channel emotional conflicts and issues into a form of somatic symptoms and/or into exacerbation of existing organic-based pathology. (Ex. 8F/14). He went on further to say that this somatic coping style suggests a likely psychological component to severity of chronic headache syndrome and that the results show only mild levels of depression and anxiety. (*Id.*). Dr. Leli diagnosed the claimant with a provisional diagnosis of pain disorder associated with both psychological factors and general medical condition and mild cognitive disorder, and diagnosed her with mild adjustment disorder with both anxiety and depressed mood. (Ex. 8F/15). Of note, Dr. Leli assessed the claimant with a global assessment of functioning score of 60, which indicates moderate difficulty in social, occupational, or school functioning and is in consideration of the claimant's psychological stressors. (Ex. 8F/16).

R. 22.  Despite the ALJ's discussion of Dr. Leli's Assessment, the ALJ did not mention Dr. Leli's opinions, detailed above, when discussing the opinion evidence contained in the record.  *See* R. 25.  Instead, the only opinion evidence the ALJ considered was that of several non-examining consultative medical and psychological consultants, a one-time examining physician, (Dr. Nitin Hate), and Claimant's sister.  R. 25.

Dr. Leli is an examining physician, who conducted a comprehensive examination of Claimant, resulting in a detailed report, which included, among other things, opinions concerning Claimant's ability to perform job related tasks.[3]  As such, the ALJ was required to assign weight to Dr. Leli's opinions and articulate the reasons supporting the weight assigned to Dr. Leli's opinions.  *Winschel*, 631 F.3d at 1178-79.  Here, the ALJ failed to assign weight to Dr. Leli's opinions.  *See* R. 25.  Without weighing Dr. Leli's opinions, it is impossible for the Court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.  *Winschel*, 631 F.3d at 1179.  As a result, reversal is necessary.  *See*, *e.g.*, *Markell v. Astrue*, 2007 WL 4482245 at *4 (M.D. Fla. Dec. 19, 2007) (failure to assign weight to examining physician's opinions constituted reversible error).

The Commissioner tacitly concedes that the ALJ erred by not assigning weight to Dr. Leli's opinions.  *See* Doc. No. 17 at 12.  However, the Commissioner argues that the error is harmless, because the ALJ's RFC determination does not contradict Dr. Leli's opinions.  Doc. No. 17 at 12 (citing *Wright v. Barnhart*, 153 F. App'x 678 (11th Cir. 2005)).  Specifically, the Commissioner argues that both Dr. Leli's opinions and the ALJ's RFC determination limit Claimant to simple tasks.  Doc. No. 17 at 12.  Failure to state the weight given to a medical opinion is generally harmless where the opinion at issue does not contradict the ALJ's RFC

---

[3] The record contains no mental RFC assessments from Claimant's treating physicians.  *See* R. 216-666.

determination.  *Wright*, 153 F. App'x at 684.  Upon comparison, the Court finds that the ALJ's RFC determination does contradict Dr. Leli's opinions.  For example, while the ALJ found that Claimant had the capacity to understand, remember, and carry out simple, routine tasks (R. 20), Dr. Leli opined that Claimant would have difficulties sustaining her attention both in the auditory and visual domains on various types of *simple* and complex tasks.  R. 374.  Further, it is unclear how the ALJ's RFC determination accounts for Dr. Leli's opinion that Claimant would have difficulties with learning and retaining visually mediated information.  *Compare* R. 20 *with* R. 374.  In light of the foregoing, and given the ALJ's failure to weigh Dr. Leli's opinions, the Court finds that the ALJ's error is not harmless.[4]

### B. Award of Benefits.

Since reversal is necessary, the Court must address Claimant's request that the case be remanded for an award of benefits.  Doc. No. 16 at 20.  Reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  As set forth above, the Court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]."  *Phillips*, 357 F.3d at 1240 n.8.  Notably, the Claimant simply requests that the case be remanded for an award of benefits, but advances no argument in support of her

---

[4] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  While the Court will not address the merits of Claimant's remaining arguments, it notes that the ALJ appeared to not weigh all of the opinions of Dr. Wiener, a non-examining mental health consultant.  *See* R. 25.  In particular, it appears that the ALJ did not weigh Dr. Wiener's following opinions: 1) Claimant seemed mentally capable of independently performing routine tasks in a low demanding work environment; 2) Claimant might occasionally need a work environment with only brief interactions with others; and 3) Claimant might need a work environment with few changes.  *Compare* R. 25 *with* R. 451.  Accordingly, upon remand the ALJ shall specifically address the foregoing opinions, as well as all other opinion evidence relevant to determining Claimant's RFC.

request.  *See* Doc. No. 16 at 20.  Given Claimant's lack of argument and the deficiencies in the ALJ's decision identified above, the Court cannot find that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice.  Accordingly, a remand for further proceedings is appropriate.

### III.   CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 23, 2013.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Shea A. Fugate
PO Box 940989
Maitland, FL 32794

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

- 9 -

The Honorable Angela Miranda
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Nat'l Hearing Center
5107 Leesburg Pike
Falls Church, VA 22041